UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| ROGER E. MIDDAUGH, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>INTERBANK,<br><br>  Defendant. | No. 6:19-CV-052-H-BU |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Roger E. Middaugh and Heather Nichole Moore Middaugh filed this lawsuit against InterBank pertaining to conduct stemming from various mortgage financing transactions between InterBank and Roger E. Middaugh. Dkt. No. 65. United States Magistrate Judge John R. Parker made Findings, Conclusions, and a Recommendation (FCR) in this case on February 5, 2021. *See* Dkt. No. 90. Judge Parker recommended that the Court grant in part InterBank's Second Motion to Dismiss. *Id.* at 63. The plaintiffs filed objections to this FCR. Dkt. No. 91. The plaintiffs objected to Judge Parker's recommendation that equitable tolling does not apply to their breach of contract, duress, fraud, theft and conversion, unjust enrichment, negligent misrepresentation, breach of trust, and intentional infliction of emotional distress claims. *Id.* at 2. Additionally, the plaintiffs objected to Judge Parker's recommendation that they failed to state claims for quantum meruit, quiet title, wrongful foreclosure, and violations of federal and state consumer collections law because they gave InterBank fair notice of the nature of their claims and the grounds upon which they rested. *Id.* at 4–5.

Because the plaintiffs' own allegations indicate that they knew of InterBank's alleged wrongful conduct in 2007 and 2010, the Court overrules their objection as to Judge Parker's recommendation that equitable tolling does not apply. Additionally, because plaintiffs have failed to state claims for quantum meruit, quiet title, wrongful foreclosure, and violation of federal and state consumer collections law that are plausible on their face, the Court overrules the plaintiffs' objection with respect to these claims. Finally, the Court finds no plain error in the in the unobjected-to portions of Judge Parker's FCR. Therefore, the Court accepts the findings, conclusions, and recommendation of the United States Magistrate Judge.

1.  **Factual and Procedural Background**

    A.  **Factual Allegations**

    Plaintiff Roger Middaugh, who was in the business of purchasing, remodeling, and selling houses, started banking with InterBank's predecessor institution, First Coleman National Bank, in 1997 and continued to bank there at all times relevant to this lawsuit. Dkt. No. 65 at 2. Middaugh financed these properties through mortgages provided by InterBank and had up to 86 properties mortgaged with InterBank at any given time. *Id.* At the start of this financing relationship, Middaugh financed each property with a separate mortgage. *Id.*

    In 2007, a hailstorm damaged several of the plaintiffs' rental properties. *Id.* at 3. The plaintiffs allege that they paid for all of the repair work but that InterBank received all of the insurance proceeds and did not account for its use of the insurance proceeds. *Id.*

    In 2010, the parties renegotiated the individual mortgages, restructured the mortgages into a single note, cross-collateralized all the mortgages, and added balloon

provisions. *Id.* at 2. The plaintiffs claim that InterBank wrongfully pressured Middaugh into this transaction by threatening to call the individual mortgage notes if he did not cooperate and that InterBank forced this transaction to seize all of the mortgaged properties.[1] *Id.* Shortly after this restructuring, InterBank informed Middaugh that the working capital of the 2010 transaction was above his lending limit and, as a result, had Middaugh sign several notes with a much smaller face value.[2] *Id.*

In March 2019, InterBank commenced foreclosure proceedings. *Id.* at 4. The plaintiffs allege that the defendant threatened tenants with evictions if they paid rents to the plaintiffs. *Id.* Additionally, the plaintiffs allege that InterBank engaged in forgery in the foreclosure. *Id.* Finally, the plaintiffs allege that when executing the foreclosure, InterBank failed to comply with notice requirements, issued competing notices, and relied on expired deeds of trust. Dkt. No. 65-1 at 8.

### B. Procedural History

Roger Middaugh filed a lawsuit against InterBank in 2019. Dkt. No. 1-4. That lawsuit was later removed to the United States District Court for the Southern District of Texas and subsequently transferred to the San Angelo Division of the United States District Court for the Northern District of Texas. *See* Dkt. Nos. 1, 11. After the transfer to this Court, the plaintiffs attempted to amend the complaint four times. *See* Dkt. Nos. 17, 27, 35, 38. The plaintiffs filed all of these attempts to amend the complaint in violation of the local rules and Judge Parker's orders. *See* Dkt. No. 59. Therefore, in response to various motions

---

[1] The plaintiffs allege that this forced restructuring was a clear breach of the terms of the notes. Dkt. No. 65 at 2.

[2] The plaintiffs allege that InterBank knew when it executed the 2010 restructuring that the new loan exceeded the defendant's lending limit but chose to move forward with the restructuring scheme to gain access to all of Roger Middaugh's properties. Dkt. No. 65 at 3.

pertaining to these attempts, Judge Parker ordered the plaintiffs to file their First Amended Complaint, Dkt. No. 59, and the plaintiffs followed that order and filed their First Amended Complaint, Dkt. No. 65. During the plaintiffs' attempts to amend their complaint, InterBank filed a first motion to dismiss, Dkt. No. 37, which the parties fully briefed before Judge Parker denied the motion as moot after the plaintiffs filed their First Amended Complaint. Dkt. No. 79.

After the plaintiffs filed their First Amended Complaint as ordered by Judge Parker, InterBank filed its Second Motion to Dismiss. Dkt. No. 76. After the Second Motion to Dismiss became ripe, Judge Parker issued his FCR. Dkt. No. 90. Judge Parker recommended that the Court: (1) dismiss with prejudice the plaintiffs' claims for breach of contract, duress, fraud, conversion, unjust enrichment, negligent misrepresentation, breach of trust, and intentional infliction of emotional distress pertaining to transactions or events occurring in 2007 and 2010; and (2) dismiss with prejudice the plaintiffs' claims for quantum meruit, quiet title, wrongful foreclosure, and violations of federal and state consumer collections law. *Id.* at 63.

2. **Legal Standard**

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations[]" of a magistrate judge. Fed. R. Civ. P. 72(b)(2); *see* 28 U.S.C. § 636(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to proposed findings,

conclusions, and recommendations for plain error. *Portwood v. Schneider & McKinney P.C.*, No. 3:20-CV-03344-X, 2020 WL 7056302, at *1 (N.D. Tex. Dec. 2, 2020) (Starr, J.).

3. Analysis

   A. **The Court overrules the plaintiffs' objection to Judge Parker's recommendation that equitable tolling does not apply to the plaintiffs' claims that arise out of transactions or events occurring in 2007 and 2010.**

The plaintiffs assert that equitable tolling saves its claims stemming from the 2007 and 2010 events. But equitable tolling does not apply to those claims because the plaintiffs' own allegations show that they knew or should have known of InterBank's alleged breach of contract, duress, fraud, theft and conversion, unjust enrichment, negligent misrepresentation, and intentional infliction of emotional distress when these events occurred in 2007 and 2010.[3]

Equitable tolling applies to statutes of limitations because the statute of limitations "encourages the plaintiff to pursue his rights diligently" and does not have its purpose furthered "when an extraordinary circumstance prevents [a plaintiff] from bringing a timely action." *CTS Corp. v. Waldburger*, 573 U.S. 1, 10 (2014). Therefore, the discovery rule does not apply unless "the nature of the injury incurred is inherently undiscoverable." *Beavers v.*

---

[3] In their objection, the plaintiffs request the Court to find that equitable tolling applies to their breach-of-trust claim. Dkt. No. 91 at 3. This is the first time that the plaintiffs have alleged or argued that equitable tolling applies to their breach-of-trust claim. *See* Dkt. No. 65 at 10–11; Dkt. No. 77 at 19. "[A] party who objects to the magistrate judge's [FCR] waives legal arguments not made in the first instance before the magistrate judge." *Freeman v. Cty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998). Therefore, the Court finds that the plaintiffs have waived any argument that equitable tolling applies to their breach-of-trust claims and, as a result, is not obligated to and does not consider this argument. *Linda Michelle M. v. Saul*, No. 3:19-CV-00328-B-BT, 2020 WL 470279, at *1 (N.D. Tex. Jan. 28, 2020) (Boyle, J.) ("A party's entitlement to de novo review before the District Court upon filing objections to an FCR does not entitle her to raise issues which were not adequately presented to the magistrate judge."); *Good v. Prof-2013-S3 Legal Title Tr. IV by U.S. Bank Nat'l Ass'n*, No. 3:17-CV-2967-M-BN, 2019 WL 1218993, at *3 (N.D. Tex. Mar. 15, 2019) (Lynn, C.J.) ("[T]he Court is not obligated to, and will not, consider these new substantive arguments for summary judgment for the first time on objections to a FCR.").

*Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009). Similarly, equitable tolling might apply due to fraudulent concealment where "the defendants concealed the conduct complained of, and . . . the plaintiff failed, despite the exercise of due diligence on his part, to discover the facts that form the basis of his claim." *Texas v. Allan Const. Co., Inc.*, 851 F.2d 1526, 1528 (5th Cir. 1988). Finally, the continuing-violations doctrine, which most frequently applies in the employment-discrimination context, should not be invoked where the defendants took action that "'in fairness and logic,' should have alerted [the plaintiff] to act years ago." *Texas v. United States*, 891 F.3d 553, 562 (5th Cir. 2018).

Here, the plaintiffs allege that they were alerted to and should have been aware of InterBank's breach of contract, duress, fraud, theft and conversion, unjust enrichment, negligent misrepresentation, breach of trust, and intentional infliction of emotional distress in 2007 and 2010. With respect to the 2007 events, the plaintiffs allege that InterBank took the insurance proceeds that they were entitled to from a hailstorm and never accounted for those proceeds. Dkt. No. 65 at 3. The plaintiffs do not allege that they could not discover the fact that InterBank took the funds and did not account for them. In fact, their allegations suggest the opposite—that the plaintiffs were aware that InterBank took the insurance proceeds and did not account for them. Additionally, with respect to the 2010 events, the plaintiffs allege that: (1) changing the terms of the mortgages "was a clear breach of the terms of the notes"; (2) shortly after signing the 2010 note, InterBank informed Roger Middaugh that the $1,600,000 new working capital was outside of his lending limit; and (3) InterBank only provided plaintiffs with part of the lending limit created by the 2010 note. *Id.* at 2–3. These allegations affirmatively claim that InterBank's 2010 conduct was

discoverable and, therefore, that the plaintiffs knew or should have known of InterBank's alleged unlawful behavior.

Because the plaintiffs allege that they knew or should have known about InterBank's alleged wrongful conduct in 2007 and 2010, the Court finds that the discovery rule, the fraudulent-concealment doctrine, and the continuing-violations doctrine do not apply to toll the statute of limitations pertaining to that wrongful conduct. Therefore, the Court overrules the plaintiffs' objection to Judge Parker's recommendation that their breach-of-contract, duress, fraud, theft-and-conversion, unjust-enrichment, negligent-misrepresentation, breach-of-trust, and intentional-infliction-of-emotional-distress claims pertaining to the transactions or events occurring in 2007 and 2010 be dismissed with prejudice.[4]

**B.    The Court overrules the plaintiffs' objection as to Judge Parker's recommendation that they have failed to state claims for quantum meruit, quiet title, wrongful foreclosure, and violations of federal and state consumer collections laws.**

After a de novo review of Judge Parker's recommendation, the Court finds that the plaintiffs have failed to sufficiently allege claims for quantum meruit, quiet title, wrongful foreclosure, and violation of federal and state consumer collections laws. To support their objection to Judge Parker's recommendation that their claims for quantum meruit, quiet

---

[4] In their briefing, the plaintiffs assert that the continuing-trespass doctrine tolls the statute of limitations for these claims. Dkt. No. 77 at 11. But the plaintiffs supported this assertion with only one case, which is improperly cited, was decided in 1868 by the Supreme Judicial Court of Maine, and does not discuss the tolling of statutes of limitations. *Id.* Additionally, in their objection, the plaintiffs have provided no authority to support the application of the continuing-trespass doctrine to toll the statute of limitations in this case. And the Court has not located any Texas or Fifth Circuit authority indicating that there is a continuing-trespass doctrine that can apply to toll a statute of limitations. Therefore, to the extent that the plaintiffs' objection addresses Judge Parker's finding that the continuing-trespass doctrine does not toll the statute of limitations in this case, the objection is overruled.

title, wrongful foreclosure, and violations of federal and state consumer collections laws be dismissed, the plaintiffs restate the allegations from their state-court petition—which was attached to their First Amended Complaint—and argue that these allegations give the defendants fair notice of the nature and the grounds for these claims. The plaintiffs cite *Mahone v. Addicks Util. Dist. of Harris Cty.*, 836 F.2d 921, 926 (5th Cir. 1988), for the proposition that pleadings only need to give the defendants fair notice of the plaintiffs' claims and the grounds upon which those claims rest.

Plaintiffs rely on the wrong pleading standard. In *Ashcroft v. Iqbal*, the Supreme Court held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009). Additionally, a claim does not have facial plausibility unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, the Court overrules the plaintiffs' objection to Judge Parker's recommendation that their quantum-meruit, quiet-title, wrongful-foreclosure, and consumer-collections-law claims be dismissed. Additionally, after conducting a de novo review of these claims, for the reasons discussed in Judge Parker's FCR, the Court finds that the plaintiffs have not alleged claims for quantum meruit, quiet title, wrongful foreclosure, and violation of federal and state consumer collections laws that are plausible on their face.

### C. The Court finds no plain error in the unobjected-to portions of Judge Parker's FCR.

The Court has examined the record and reviewed the unobjected-to portions of the FCR for plain error. Finding no plain error, the Court accepts and adopts these portions of the FCR.

4.  **Conclusion**

Because the plaintiffs' own allegations indicate that they knew of InterBank's alleged wrongful conduct in 2007 and 2010, the Court overrules their objection as to Judge Parker's recommendation that equitable tolling does not apply. Additionally, because the plaintiffs have failed to state claims for quantum meruit, quiet title, wrongful foreclosure, and violation of federal and state consumer collections law that are plausible on their face, the Court overrules the plaintiffs' objection to Judge Parker's recommendation that these claims be dismissed. Finally, the Court finds no plain error in the in the unobjected-to portions of Judge Parker's FCR. Therefore, the Court accepts the findings, conclusions, and recommendation of the United States Magistrate Judge.

Accordingly, the Court dismisses with prejudice the plaintiffs' claims for breach of contract, duress, fraud, conversion, unjust enrichment, negligent misrepresentation, breach of trust, and intentional infliction of emotional distress that relate to transactions or events occurring in 2007 and 2010. Additionally, the Court dismisses with prejudice the plaintiffs' claims for quantum meruit, quiet title, wrongful foreclosure, and violations of federal and state consumer collections law.[5]

---

[5] The plaintiffs have not objected to Judge Parker's recommendation that dismissal be with prejudice. *See* Dkt. No. 91. Therefore, the Court reviews this recommendation for plain error. Federal Rule of Civil Procedure 15(a)(2) states that courts should "freely give leave [to amend pleadings] when justice so requires." Even though Rule 15(a)(2) "evinces a bias in favor of granting leave to amend," a court may refuse to grant leave to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590–91 (5th Cir. 2016). Here, the plaintiffs attempted to amend their complaint four different times and were allowed to amend their complaint once after removal to this Court. Despite four amendment attempts, the plaintiffs have failed to plead that equitable tolling applies to claims arising out of InterBank's 2007 and 2010 conduct and have failed to provide sufficient factual allegations to support their claims for quantum meruit, quiet title, wrongful foreclosure, and violations of federal and state consumer collections law. Additionally, considering that InterBank has already filed two motions to dismiss,

So ordered on March 23, 2021.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

the Court finds that granting leave to amend would unduly prejudice InterBank. Therefore, the Court finds no plain error and adopts Judge Parker's recommendation that the Court dismiss these claims with prejudice.